DANIEL J. SAWYER vs. ARNOLD AND WINSOR COMPANY.

Middlesex. March 26, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Of dealer toward customer.

If one going to buy fish from a wholesale dealer on a fish pier is locked in the fish dealer's refrigerator through the negligence of one of the dealer's servants acting within the scope of his authority and thereby suffers injury, he has a cause of action against the fish dealer.

TORT by a retail fish dealer against a corporation, carrying on the business of a wholesale fish dealer at the fish pier in the part of Boston called South Boston, for personal injuries sustained on October 8, 1914, by being locked in a refrigerator through the negligence of the defendant's servants and kept there for some time. The declaration also contained a second count alleging that the "servants and agents of the defendant, intending to

play a practical joke on the plaintiff, locked him in a refrigerator or room to preserve goods, whereby the plaintiff was injured." Writ dated November 12, 1914.

In the Superior Court the case was tried before *Keating*, J. The evidence is described in the opinion. At the close of the evidence the defendant filed a motion asking the judge to order a verdict for it. The judge refused to order a verdict for the defendant and submitted the case to the jury, a portion of his charge being as follows: "So it becomes necessary for you to determine, if you find that the occurrence took place in the way in which the plaintiff says it did, whether the employee of the defendant in locking that door after he went out of the refrigerator, if he did lock it, was playing a practical joke on this plaintiff, or whether he was doing something in the way of performing the work for which he was hired. You have heard the evidence in the case. If you come to the conclusion that the occurrence took place as the plaintiff testified, but that an employee of the defendant was playing a practical joke upon the plaintiff, that when he closed the door on him he intended to have fun with him, then the plaintiff cannot recover, because in doing that act for such a purpose he would not be acting within the scope of his employment. But if you should find that the occurrence took place as the plaintiff says and that the employee in closing or locking the door on the plaintiff, if he did close it or lock it, was doing so for the purpose of performing the work for which he was hired by the defendant, then he would be acting within the scope of his employment. Now, if you find that he was not acting within the scope of his employment, the plaintiff cannot recover. If you find that the employee of the defendant was acting within the scope of his employment, then you come to the consideration of the question, Was he negligent? Did he exercise such care as an ordinary prudent man would be likely to use under such circumstances? What was the employee doing? What knowledge did he have of the circumstances existing at that time? What knowledge did he have of the presence of the plaintiff?"

The jury returned a verdict for the plaintiff in the sum of $350; and the defendant alleged exceptions.

*C. S. Knowles,* for the defendant.

*J. J. Foley,* for the plaintiff.

CARROLL, J. The plaintiff testified that he went to the defendant's place of business at the fish pier, South Boston, to purchase some fish; that he was shown to the refrigerator by a servant of the defendant; that the door was shut and he was kept therein from fifteen to twenty minutes. This evidence was disputed. The declaration was in two counts, — the first alleging negligence of the defendant in locking the door and keeping the plaintiff in the refrigerator; the second, that the servants or agents of the defendant, intending to play a "practical joke on the plaintiff," locked him in the refrigerator. The judge instructed the jury that the plaintiff could not recover if the employees intended to play a joke on him, or shut the door "to have fun with him," or if he himself closed the door and the defendant's employees had no knowledge that he was shut in; and fully instructed them that the plaintiff could not recover unless the defendant's employees, acting within the scope of their employment, negligently shut the door and suffered him to remain in the refrigerator.

The jury found for the plaintiff. Therefore, under the judge's instructions, they must have found that the plaintiff was a customer of the defendant, properly upon the premises, and was injured by reason of the negligence of one of its agents while acting within the scope of his authority. Under such circumstances the plaintiff clearly was entitled to recover.

*Exceptions overruled.*